IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Eileen Sobchuk, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   25-CV-1171 |
| | ) | |
| Accelerated Inventory Management, | ) | |
| Inc., a Delaware corporation, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Eileen Sobchuk, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's collection actions violated the FDCPA, and to recover damages, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and c) Defendant transacts business here.

### PARTIES

3. Plaintiff, Eileen Sobchuk ("Sobchuk"), is citizen of the State of Connecticut from whom Defendant attempted to collect a defaulted consumer debt that she allegedly owed for a Lending Club/WebBank account.

4. Defendant, Accelerated Inventory Management, Inc. ("AIM"), is a Delaware corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the U.S. Mail, and/or the telephone/internet to collect,

or attempt to collect, defaulted consumer debts that it did not originate. AIM operates a defaulted debt collection business and attempts to collect debts from consumers in many states, including consumers in the State of Connecticut.

5. Defendant AIM is a bad debt buyer that buys portfolios of defaulted consumer debts for pennies on the dollar, which it then attempts to collect upon. Defendant AIM's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others.

6. Defendant AIM was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

7. Defendant AIM is authorized to conduct business in Connecticut, and maintains a registered agent here, see, record from the Connecticut Secretary of State, attached as Exhibit A. In fact, Defendant conducts business in Connecticut.

**FACTUAL ALLEGATIONS**

8. Due to financial difficulties, Ms. Sobchuk was unable to pay her debts, including a delinquent consumer debt (incurred primarily for personal, family or household purposes) that she allegedly owed for a Lending Club/WebBank account. Sometime after this debt went into default, it was allegedly purchased/obtained by Defendant, which attempted to collect the debt by having another debt collector/ attorney, Leopold & Associates, send her a collection letter during January of 2024. A copy of this collection letter is attached as Exhibit B.

9. Accordingly, on January 26, 2024, Ms. Sobchuk had her attorney at Legal Advocates for Seniors and Persons with Disabilities write to Defendant, through its debt collector/attorney, Leopold, to inform it that she was represented by counsel and to note

that she questioned the correctness of the debt that the Defendant was trying to collect from her. Copies of this letter and fax confirmation are attached as Exhibit C.

10. On January 29, 2024, Defendant's debt collector/attorney, Leopold, responded to Ms. Sobchuk's attorney, via email and acknowledged that she was represented by counsel and that it would pass on Ms. Sobchuk's letter to its client, AIM. A copy of this email is attached as Exhibit D.

11. Nonetheless, Defendant continued its collection actions by having another debt collector/attorney, Cohen & Cohen, send Ms. Sobchuk a collection letter on June 26, 2025, demanding payment of the debt. A copy of this collection letter is attached as Exhibit E.

12. As a result of the Defendant's continued collection actions, Ms. Sobchuk had to take additional time and effort, as well as expense (about $279.00), to get this letter to her attorney at LASPD and then hire another attorney to write to Defendant, to reassert her right to be represented by counsel and reassert her right to have collection communications cease. A copy of this letter is attached as Exhibit F.

## ARTICLE III STANDING

13. In enacting the FDCPA, Congress expressly set forth that the statute was intended to prevent "Abusive Practices":

> There is abundant evidence of the use of **abusive**, **deceptive**, and unfair debt collection practices by many debt collectors. Abusive debt collection Practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to **invasions of individual privacy**.

See, 15 U.S.C. §1692(a) (Abusive practices)(emphasis added).

14. To achieve those ends, §1692c of the FDCPA limits the manner in which debt collectors may communicate with consumers; specifically §1692c(a)(2) of the

FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2), while § 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer who has "notified a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer", see, 15 U.S.C. § 1692c(c).

15. Defendant's continued direct collection actions invaded Plaintiff's right to counsel and intruded upon her seclusion; Defendant's actions were a direct invasion of Ms. Sobchuk's legally-protected right to be left alone and her right to privacy – rights granted to consumers under the common law and § 1692c of the FDCPA, see, Six v. IQ Data International, 129 F.4th 630 (9th Cir. 2025); Lupia v. Medicredit, Inc., 8 F.4th 1184 (10th Cir. 2021); and Persinger v. Southwest Credit Sys., 20 F.4th 1184 (7th Cir. 2021).

16. Defendant's collection actions alarmed, confused and emotionally distressed Ms. Sobchuk, invaded her right to privacy/seclusion and caused her to have to take her time and effort, as well as expense, to reassert her right to be left alone, see, Mack v. Resurgent Capital Services, 70 F.4th 395, 406-407 (7th Cir. 2023); Walters v. Fast AC, LLC, 60 F.4th 642, 649 (11th Cir. 2023) and Ebaugh v. Medicredit, Inc., 2025 U.S.App.LEXIS 8530 at [*1]-[*2] (8th Cir. 2025).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications and Cease Collections**

17. Plaintiff adopts and realleges ¶¶ 1-16.

18. Section 1692c(c) of the FDCPA prohibits a debt collector from

communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, see, 15 U.S.C. § 1692c(c).

19. Here, the letter from Ms. Sobchuk's attorney at LASPD told Defendant to cease communications and cease collections. By continuing to demand payment of this debt, by writing to her, Defendant violated § 1692c(c) of the FDCPA.

20. Defendant's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With a Consumer Represented By Counsel

21. Plaintiff adopts and realleges ¶¶ 1-16.

22. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2).

23. Defendant knew that Ms. Sobchuk was represented by counsel in connection with this debt because her attorneys at LASPD sent Defendant a letter, through its debt collector/attorney, informing it, that she was represented by counsel, and directing Defendant to cease directly communicating with her. By continuing to write directly to Ms. Sobchuk, despite knowing that she was represented by attorneys, Defendant violated § 1692c(a)(2) of the FDCPA.

24. Defendant's violation of § 1692c(a)(2) of the FDCPA renders it liable for

actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT III
### Violation Of § 1692d Of The FDCPA – Abusive Collection Actions

25. Plaintiff adopts and realleges ¶¶ 1-16.

26. Section 1692d of the FDCPA prohibits a debt collector from engaging in any conduct, the natural consequence of which is to harass, oppress or abuse any person in connections with the collection of a debt, see, 15 U.S.C. § 1692d.

27. By continuing to write directly to Ms. Sobchuk, knowing that she was represented by attorneys, and knowing that she had refused to pay the debt, as is her right under the FDCPA, Defendant AIM engaged in conduct, the natural consequence of which, harassed, oppressed and abused Plaintiff, in violation of § 1692d of the FDCPA.

28. Defendant's violation of § 1692d of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Eileen Sobchuk, prays that this Court:

1. Find that Defendant's collection practices violate the FDCPA;

2. Enter judgment in favor of Plaintiff, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Eileen Sobchuk, demands trial by jury.

                                          Eileen Sobchuk,

                                          By: <u>s/ Brian L. Bromberg</u>
                                          One of Plaintiff's Attorneys

Dated: July 22, 2025

Brian L. Bromberg
Bromberg Law Office, P.C.
352 Rutland Road, #1
Brooklyn, New York 11225
(212) 248-7906
brian@bromberglawoffice.com

David J. Philipps     (Ill. Bar No. 06196285)(admission pending)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com

7